UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REBECCA STOUT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1177 |
| | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Plaintiff's Motion to Remand [#10] and Defendant's Motion to Dismiss [#8]. For the following reasons, Plaintiff's Motion to Remand [#10] is DENIED and Defendant's Motion to Dismiss [#8] is GRANTED WITHOUT PREJUDICE to Plaintiff's filing an amended complaint.

### BACKGROUND

Rebecca Stout is the surviving spouse of David E. Stout who died on April 22, 2004, in an automobile accident. At the time of his death, David Stout was an employee of Neimann Foods, Inc., and as an employee, David Stout had a life insurance policy with Hartford Life and Accident Insurance Company ("Hartford"). This policy provided life insurance in the amount of $30,000 payable to his beneficiary in the event that he died as a result of an accidental death. Plaintiff's Complaint alleges that David Stout died as a result of an accidental injury and that Rebecca Stout is the beneficiary of his life insurance policy. Rebecca Stout further asserts that she has made a claim against Hartford for the $30,000 benefit that is due to her and Hartford has failed and refused to pay the claim. As a result of Hartford's refusal to pay, on May 11, 2005, Rebecca Stout filed a

Complaint in the Circuit Court for Tazewell County, Illinois, asking the court to enter judgment in her favor against Hartford.

On June 13, 2005, Hartford filed a timely Notice of Removal pursuant to 28 U.S.C. § 1441(b), claiming that Stout's claim against Hartford is solely a claim for recovery of benefits under an employee welfare benefit plan and therefore arises under, and is solely governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (1974) ("ERISA").  Moreover, Hartford claims that ERISA preempts Stout's state law claims.  On July 20, 2005, Hartford filed a Motion to Dismiss claiming that Stout's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Stout has failed to state a claim upon which relief can be granted.  Specifically, Hartford argues that ERISA preempts Stout's claim and therefore Stout is not entitled to any relief requested in her Complaint.  In response, Stout argues that the benefit plan at issue in this case authorizes an individual who has a claim for denial of benefits to bring a claim in state or federal court and therefore Hartford should not be allowed to remove this case to federal court.

On August 10, 2005, Stout filed a Motion to Remand to State Court arguing that Hartford should not be able to supercede Stout's decision to file in state court by removing the case to federal court.  Hartford opposes remand, claiming that Stout's claims are claims that arise under ERISA and ERISA completely preempts state law.  Additionally, Hartford requests that this Court deny Stout's Motion to Remand and further requests, pursuant to § 502(g) of ERISA, that the Court award Hartford its fees and costs in responding to Stout's Motion to Remand.

## DISCUSSION

**A.     Plaintiff's Motion to Remand**

Stout argues that this case should be remanded to state court because her claim is permitted under state law and because her husband's benefit plan gave her the option of bringing her claim in either state or federal court. Hartford disagrees and argues that removal is proper under 28 U.S.C. § 1441 because Stout's state law claims actually arise under federal law because they are actually claims that fall within ERISA, and ERISA completely preempts these types of claims.

Generally, under the well-pleaded complaint rule, a person may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. *Aetna Health Inc. v. Cigna HealthCare of Texas, Inc.*, 124 S.Ct. 2488, 2494 (2004). However, under the well-established exception to this rule, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claims can be removed." *Id.* at 2495. "This is so because '[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

In this case, Stout's claims are actually ERISA claims that fall within ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a). Section 502(a) authorizes an insurance plan participant or beneficiary "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." In the instant case, Stout is a beneficiary who is attempting to recover benefits allegedly due to her under the terms of an employee group benefit plan. Even though Stout's Complaint does not mention ERISA, her claims are nevertheless claims that arise under federal law. "ERISA occupies much of the field of pension and fringe benefits; the size and distribution of these benefits depends on federal law [and] a claim to benefits necessarily 'arises under' federal law no matter how it is

pleaded." *Lehmann v. Brown,* 230 F.3d 916, 919 (7th Cir. 2000) (citations omitted). Thus, a plaintiff cannot simply frame her claim for benefits as a state law claim because ERISA provides the plaintiff's sole method of recovery. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987) ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.").

In this case, Stout's claims are claims that fall within Section 502(a) and therefore arise under federal law. Moreover, even though Stout's Complaint does not claim a violation of federal law, Stout's claims are removable because claims based on Section 502(a) of ERISA completely preempt state law. *See Rice v. Panchal,* 65 F.3d 637, 640 (7th Cir. 1995) (holding that cases within the scope of Section 502(a) of ERISA completely preempt state law). Additionally, Stout's claim that Hartford should not be able to remove this case because the benefit plan gives Stout the option of filing in state or federal court does not have merit. This claim ignores the fact that state courts have concurrent jurisdiction with federal courts and routinely handle issues of federal law. Although the benefit plan gave Stout the option of bringing this claim in either state or federal court, the plan says nothing about the possibility that Hartford might remove the case. As the defendant, Hartford has the option of removing the case so long as it acts within the confines of the removal statute. Accordingly, because Stout's state law claims are actually claims that fall within Section 502(a) of ERISA and Section 502(a) completely preempts state law, Hartford's removal of this case to federal court was proper and Stout's Motion to Remand is denied. Additionally, the Court, in its discretion, denies Hartford's request for attorneys' fees and costs associated with Stout's Motion to Remand.

**B.     Hartford's Motion to Dismiss**

Hartford argues that Stout's claim should be dismissed because Stout is not entitled to any relief requested in her Complaint.  Specifically, Hartford argues that because Stout's claims are preempted by ERISA, Stout's only method of obtaining relief is to plead her case under ERISA.  In light of the Court's determination that Stout's claims fall within Section 502(a) of ERISA and ERISA completely preempts state law, the Court agrees with Hartford and finds that Stout's claims should properly be asserted made within the confines of the ERISA statute.  Therefore, the Court grants Hartford's Motion to Dismiss without prejudice.  Plaintiffs are given leave to file an amended complaint asserting a claim under ERISA within twenty-one days of the date of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [#10] is denied and Defendant's Motion to Dismiss [#8] is granted without prejudice leaving Plaintiff's with the option of filing an amended complaint asserting a claim under ERISA within twenty-one days of the date of this order.

ENTERED this 14th day of October, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
