UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA STOUT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Case No. 05-1177 |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant ) | |

**ORDER**

Now before the court are the parties' cross-motions for summary judgment (#32 and #33). The motions are fully briefed and the court has carefully considered the parties' arguments and the evidence submitted. For the following reasons, the Defendant's motion (#33) is GRANTED and Plaintiff's motion (#32) is DENIED.

**UNDISPUTED FACTS**

Plaintiff, Rebecca Stout, is the surviving spouse of David Stout ("Stout") who died in a single-car accident on April 22, 2004. According to the toxicology laboratory report, Stout's blood ethanol level, at the time of the crash, was 0.209 and his vitreous ethanol level was 0.244. In the State of Illinois, a person is deemed "under the influence" when his alcohol concentration is 0.08 or more. The police report indicated that the car Stout was driving was seen veering all over the road before going off the road and overturning his car. Both parties accept that Stout's intoxication is the direct cause of the crash.

Stout had life insurance through his employer, Nieman Foods, at all relevant times; the insurance provider was the Defendant, Hartford Life and Accident Insurance Company ("Hartford"). Plaintiff was David Stout's beneficiary under this Group Benefit Plan (the "Plan").

The Plan provides for payment of death benefits and for additional death and dismemberment benefits, in an equal amount, if the death was a result of an accident, pursuant to the Accidental Death, Dismemberment and Loss of Sight ("AD&D") portion of the Plan.

Hartford paid $30,000 for the death benefit. Then on June 8, 2004, Plaintiff submitted the Proof of Death form to Hartford and requested the AD&D benefits. Hartford denied Plaintiff's claim for the AD&D benefits on October 11, 2004. Plaintiff appealed Hartford's decision on November 3, 2004, and on January 13, 2005, Hartford affirmed their decision to deny Plaintiff the AD&D benefits.

Plaintiff filed her complaint, and the parties have simultaneously filed cross-motions for summary judgment. There is no issue of material fact in this case.

## THE PLAN

The relevant part of the Plan is called "Accidental Death, Dismemberment and Loss of Sight Benefit (AD&D)-Employee Only" (page five). That part of the Plan sets out the available accidental death benefits as an "amount which equals the Amount of Life Insurance in force for You". This amount, known as the "Principal Sum", is $30,000 for Stout.

In a section entitled "Accidental Death and Dismemberment (AD&D) Benefit-Employee Only" (page nine), the Plan explains the conditions necessary to receive the accidental death benefits, stating, "We will pay a benefit if You suffer an accidental injury while insured and: 1. a Loss results directly from such injury, independent of all other causes." Page eleven excludes certain injuries from coverage, explaining in pertinent part that "No benefit will be paid for a Loss caused by: ... 9. the injured person's intoxication."

Also on page eleven is a chart (the "Chart") that lists the AD&D benefits to be paid, depending on the type of "Loss" suffered. The first column is titled "Description of Loss" and the second column is titled "Benefit". "Loss of life" is the first Loss listed (Loss of hand, foot,

and eye are subsequently listed), and its corresponding benefit to be paid is the "Principal Sum." Immediately following the Chart, the Plan specifies, "Loss means the following: 1. Loss of a hand or foot means that it is completely cut off at or above the wrist or ankle joint. 2. Loss of an eye means that sight in the eye is completely lost and cannot be recovered or restored."

## APPLICABLE LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995). There is no issue of material fact in this case, therefore, "the sole question is whether the moving party is entitled to judgment as a matter of law." DeLong v. Local Union 1111 UAW Retirees , 347 F.Supp.2d 613, 615 (S.D.Ind.,2004) (*quoting* Miranda v. Wis. Power & Light Co., 91 F.3d 1011, 1014 (7th Cir.1996)).

Plaintiff challenges Hartford's denial of benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. 1132(a)(1)(b), which states, "A civil action may be brought–(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan...."

The general provisions on page seventeen of the Plan state that Hartford has "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." If an ERISA benefit plan vests discretionary authority in a plan administrator to determine eligibility for benefits under the plan, the standard of review is arbitrary and capricious, Cozzie v. Metro. Life Ins. Co., 140 F.3d 1104, 1107 (7th Cir. 1998). This Court has already found that the arbitrary and capricious standard governs this

review. The Court is therefore limiting its review to the Administrative Record that was before Hartford when it made the decision to deny Plaintiff the benefits. Davis v. Unum Life Ins. Co. of Am., 444 F.3d 569, 575 (7th Cir. 2006). Burns v. Am. United Life Ins. Co., 2006 WL 1004884, 2 (S.D.Ill. 2006).

Under the arbitrary and capricious standard, an ERISA plan administrator's decision is not arbitrary and capricious if it is possible to offer a reasoned explanation for the decision, based on the evidence. Schmertmann v. Int'l Painters & Allied Indus. Pension Fund, 354 F.Supp.2d 830, 834 (C.D. Ill. 2005). The Court need not determine whether it would have come to the same conclusion; rather, it must uphold a decision which is reasonable. James v. Gen. Motors Co., 230 F.3d 315, 317 (7th Cir. 2000) (*see also* Hess v. Reg-Ellen Mach. Tool Corp., 423 F.3d 653, 658 (7th Cir. 2005) (when using the arbitrary and capricious form of judicial review, the Court "will not set aside a denial of benefits based on any reasonable interpretation of the plan."). Stated otherwise, "the administrator's decision will only be overturned if it is 'downright unreasonable.'" Speciale v. Blue Cross and Blue Shield Ass'n, 425 F.Supp.2d 917, 924 (N.D.Ill. 2006) (*quoting* Carr v. Gates Health Care Plan, 195 F.3d 292, 294 (7th Cir.1999)).

An interpretation is "unreasonable" when it conflicts with the plain language of the Plan. Id. The federal common law rules of contract interpretation are used when construing insurance plans governed by ERISA. Under those rules, the terms of a policy are interpreted in an ordinary and popular sense, as understood by a person of average intelligence. Cannon v. Wittek Co. Intern., 60 F.3d 1282, 1284 (7th Cir. 1995). Unambiguous provisions in ERISA plan documents must be interpreted in accordance with their plain meaning and enforced as written. Favre v. Prudential Ins. Co. of Am., 2006 WL 449204, 4 (N.D.Ind.,2006).

Though the arbitrary and capricious standard is a deferential one, the Court will not rubber stamp a plan administrator's decision that controverts the plain meaning of a plan. Swaback v. Am. Info. Techs. Corp., 103 F.3d 535, 540 (7th Cir. 1996).

**DISCUSSION**

The Plan states that AD&D benefits will be paid if the insured suffers "an accidental injury...and a Loss results directly from such injury, independent of all other causes." It is conceded by both parties that Stout's intoxication was the cause of the car crash. The injuries Stout sustained in the crash resulted in the loss of his life. Based on a plain reading of this provision, it is anything but "downright unreasonable" to conclude that Stout's intoxication was an independent cause of the injury that resulted in the loss of his life. This alone is enough for Hartford's denial of benefits to pass muster under the arbitrary and capricious standard of review.

Further support for Hartford's position is found in Cozzie v. Metropolitan Life Insurance Company, 140 F.3d at 1110, where the Seventh Circuit upheld an ERISA plan administrator's decision that an insured's death, resulting from intoxicated driving, was not an "accident", as required for his widow to recover accidental death benefits under the plan. Robert Cozzie was killed in a car crash; his blood alcohol level was over twice the legal limit. The Plan denied his widow AD&D benefits, because a crash resulting from intoxicated driving is not an "accident." Despite the fact that Cozzie's Plan contained no exclusion for injuries or death caused by intoxication, the District Court upheld the Plan, finding that death or serious injury is a reasonably foreseeable consequence of intoxicated driving and therefore not an accident. The Seventh Circuit affirmed, explaining that "a death that occurs as a result of driving while intoxicated, although perhaps unintentional, is not an "accident" because that result is reasonably foreseeable." Id. at 1110.

The Plan in the case before this court does include an explicit exclusion for losses caused by intoxication. There is no dispute that Stout was intoxicated when he crashed, and there is no dispute that his death resulted from injuries sustained in that crash. The explicit exclusion in this Plan reinforces the holding in *Cozzie*: "accidental" death benefits are only payable upon an accident, and drunk driving does not cause "accidents." Id.

Plaintiff argues that loss of life is not a Loss contemplated by the intoxication exclusion because, while loss of hand, foot, and eye are more specifically defined on page twelve, loss of life is not. There are two problems with that argument. First, the terms that are defined need definition. "Loss of an eye" could mean loss of the actual eyeball or just loss of use of the eye. Similarly, "loss of hand or foot" must be clarified as to how much of the appendage must be missing to qualify. In contrast, "loss of life" needs no further explanation; there is only one interpretation of "loss of life," so the absence of a definition is without significance.

Second, loss of life is explicitly listed as a Loss in the Chart immediately preceding the clarification of terms. It is reasonable to conclude that these clarifications are not meant to be the sole definition of "Loss", or else they would be included on page nineteen with all of the other Plan definitions. Rather, they are merely supplemental explanations for the other, more subjective, losses.

Plaintiff's interpretation of the Plan language would lead to the absurd result that the "Accidental Death and Dismemberment Benefits" provision would not provide benefits in the event of "death." As such, the Court rejects plaintiff's interpretation and finds entirely reasonable Hartford's determination that loss of life is a Loss under the Plan.

The Plaintiff further argues that the intoxication exclusion is only meant for *injuries* arising out of intoxication, not death. The heading indeed states, "types of *injuries* excluded from coverage" [emphasis added]. However, the reader must not stop there; the very next

sentence states that no benefit will be paid for a "*Loss* caused by...the injured person's intoxication" [Emphasis added]. Loss of life is a Loss identified by the Plan, as evidenced by its inclusion in the Chart. Furthermore, the heading of the section reads "Accidental Death and Dismemberment Benefit", and there is no indication that provisions differ depending on whether it is "death" or "dismemberment" being discussed. Both injuries and death are included in the Chart and in all headings. Hartford's failure to interpret the exclusion as only applying to injuries is not arbitrary or capricious.

Plaintiff also relies on the part of the heading on page nine that includes the words "Employee Only." From that heading, Plaintiff infers that the subsequent section must only apply to losses not including death, because the employee could not be the one making the claim if death was the result. This strained reading of the Plan is rejected. First, it ignores the fact that the entire AD&D portion of the Plan includes that "Employee Only" phrase (see page five). Second, the obvious meaning of this phrase is that only the employee - and not any of his dependants - is eligible for AD&D coverage.

Finally, Plaintiff erroneously suggests that page five grants coverage without mentioning any exclusions. Page five merely specifies the *amount* that will be awarded in the event that an accidental death or dismemberment has occurred. The conditions that must be met in order for there to be coverage in the first instance are found on page nine, and as previously discussed, Stout's car crash was not an accident under those conditions.

## ATTORNEY'S FEES

At the conclusion of its motion for summary judgment, defendant has requested an award of attorney's fees. There is no motion for such fees, so the request at this time is denied. If defendant wishes to pursue this matter, it is directed to file a separate motion for fees, to which plaintiff may if she desires respond.

**CONCLUSION**

Hartford's determination - that Stout's death, as a result of driving while intoxicated, did not arise from an accidental injury - was not arbitrary and capricious. Given the deferential standard of review, Hartford cannot be said to have reached an unreasonable determination based on the facts of this case. For the reasons stated above, the Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff.

ENTERED this 10th day of August, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge
